IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-320-MEF |
| ) | [wo] |
| JUDGE JIMMY POOLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed 5/4/11). Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 8, filed 6/14/11) and her Petition for Writ of Restoration or Mandamus (Doc. 1, filed 4/26/11). For good cause, the Magistrate Judge recommends the Court grant the motion to proceed *in forma pauperis*, but dismiss this case prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. BACKGROUND**

On April 26, 2011, Plaintiff Nue Cheer Franklin ("Plaintiff" or "Franklin") filed a document entitled Petition for Writ of Restoration or Mandamus. *See* Doc. 1. In the petition,

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Franklin petitions the Court "for a Writ of Restitution to restore possession of the property during the pendency of her appeal pursuant to ARAP 8." *Id*. at p. 1. The petition further asserts that after the Alabama Court of Civil Appeals denied her application to proceed *in forma pauperis*, she petition the Alabama Supreme Court for a Writ of Certiorari on the denial. *Id*. She attached to her petition a copy of the appeal to the Alabama Supreme Court which shows she filed her federal petition on the same day (April 26, 2011). *Id*. at Exhibit 4. Franklin further notes, the Alabama Supreme Court case remains "pending a decision." *Id*. at p. 1.

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees,

it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id.* (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v.*

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

Franklin satisfies the economic eligibility criteria of § 1915(a)(1), and therefore her petition may be filed without prepayment of fees. However, the court is of the view, that the Petition for Writ of Restoration or Mandamus should be dismissed pursuant to § 1915(e)(2)(B)(ii) because she fails to state a claim on which relief may be granted.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v.. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When there is no allegation of diversity jurisdiction,[3] the Court must have original jurisdiction to proceed. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[3] Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. Ertl, as a resident of Germany, would satisfy the citizenship requirement, but she has not shown that the matter in controversy exceed $75,000. Thus, there is no diversity jurisdiction.

United States." 28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *City of Huntsville*, 24 F.3d at 171-72 (citations omitted). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *accord Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In her Petition, Franklin seeks a state court remedy during the pendency of her state court appeal before the Alabama Supreme Court. *See* Doc. 1 at p. 1. She also states "the same is currently, still pending a decision." *Id*. Franklin cites no basis for federal jurisdiction to attach to her claim. Instead, she merely references her state court appeal and the remedy she seeks from it as well as this court. As such, the Court sees no basis for federal jurisdiction.

Even if there was federal jurisdiction, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *see also Younger*, 401 U.S. at 43, 91 S.Ct. at 750 (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings."). Further, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432, 102 S.Ct. at 2521 (citations omitted); *see also Adams v. Florida*, 185 Fed. Appx. 816 (11th Cir. 2006) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274, 1276 (11th Cir. 2003)) ("Although Younger concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'").

Federal courts ordinarily should refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. *See Middlesex*, 457 U.S. at 432, 102 S.Ct.at 2521. With respect to the first Middlesex factor, the relevant inquiry is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." *31 Foster Children*, 329 F.3d at 1274. Applying the Middlesex factors to

the case at bar, there are essentially three questions before this Court. First, does the restitution request constitute an ongoing state judicial proceeding? Second, does the proceeding implicate important state interests? Finally, is there an adequate opportunity in the state proceedings to raise constitutional challenges?

As alleged, Franklin's case falls squarely within all three prongs of the Middlesex factors. She seeks to restore possession of the property at issue during the pendency of her appeal which is clearly an important state interest. She also has the opportunity to raise her constitutional issues before the Alabama Supreme Court as she already seeks return of the property through her state court proceedings.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) be GRANTED;

(2) Plaintiff's claims be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) and lack of jurisdiction; and

(3) Any outstanding motions be DENIED as moot.

It is further **ORDERED** that the Plaintiff file any objections to the this Recommendation on or before **September 27, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judges Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of September, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE